Mr. Justice Clayton
delivered the opinion of the court. .
This was a bill filed on the chancery side of the circuit court of Tippah county, by the purchaser against the vendor, to enforce the specific performance of a parol contract, for the sale of a tract of land. The bill states that it was agreed, when the contract was first made, that it should be reduced to writing at some convenient time afterwards, but whenever the complainant would make application for that purpose, Box would waive it in some way, and say it should all be right. It also alleges acts of part performance to take the case out of the statute of frauds. These last may be laid out of view at once, because it is now the settled doctrine of this court, that no exceptions of that character will be ingrafted upon the statute. Beaman v. Buck, 9 S. & M. 210. There was a demurrer to the bill, which was overruled in the court below, and after answer filed, a decree was rendered for the complainant, directing a specific performance of the contract. The statute of frauds was not relied upon, either in the answer or, by plea. •
The circumstance principally relied on, to take this case out *96 of the statute, is the allegation, that it formed a part of the agreement itself, that it should be reduced to writing, and that the defendant fraudulently evaded this part of the contract. Is that sufficient, upon demurrer, to take the case out of the statute? The distinct ground upon which equity interposes at any time, to take a case out of the statute, is to prevent a fraud by one party upon the other. They are all cases of exception out of the statute. The exception made by the English courts in favor of agreements intended to be reduced to writing, but prevented by the fraud of one of the parties, rests upon precisely the same ground. 2 Story, Eq. 63, 77. The doctrine which lets in one equitable exception, opens the door for the whole innumerable series. There is no consistent medium course. Either all the equitable exceptions introduced by the English courts, must be admitted, or we must adhere to the plaiq provisions of the statute.
One of the greatest masters of the Eng’ish equity system has said, “ that the relaxation of the statute has been the ground of much perjury and of much fraud. If the statute had been vigorously observed, few instances of parol agreements would have occurred; .of necessity, they would have been reduced to writing. Whereas it is manifest, that the decisions on the subject have opened a new door to fraud. It is a common expression at the bar, that it has become a practice to ‘ improve gentlemen out of their estates.’ It is, therefore, absolutely necessary, for courts of equity to make a stand, and not to carry the decisions further.” Lindsay v. Lynch, 2 Sch. & Lef. 4.
If it were a mere matter of policy and expediency, we should be inclined to follow this reasoning, and to take a stand upon the statute itself, refusing to introduce any exceptions. But .with us it assumes a higher attitude. It has been our course to adhere to the plain provisions of our statutes, because they are guides as well for the courts, as for the country. The courts have no dispensing power over them. Where they contain no exceptions, the courts can make none. If they are too rigid in their terms, the remedy is with the legislature.
If it be said, that the defence should have been made by plea *97 and answer, rather than by demurrer, because, as a general rule, a charge of fraud must be answered; the reply is, that an answer is needless, if, when it admits the fraud as charged, the complainant is still entitled to no relief. This is the case here, otherwise a dangerous innovation would be made upon the statute.
A party may admit the parol agreement in his answer, and yet insist on the statute. 2 Story, Eq_. 60. It is the same thing to demur, thereby admitting the facts, but denying the right to relief.
These principles show that the decree of the circuit court is erroneous. It must be reversed, the demurrer sustained, and the bill dismissed.