## M. E. BECK *v.* LOUISVILLE, NEW ORLEANS & TEXAS RAILROAD COMPANY.

1. RAILROAD COMPANY. *License by parol to right of way. Ejectment by subsequent owner. Case in judgment.*

   In 1882 or 1883 a railroad company entered upon and occupied and used a strip of land belonging to K. as a right of way, under a parol license from K. The tract of land, including this strip, was afterwards conveyed in pursuance of a sale under an execution against K. to B., who, in March, 1886, brought an action of ejectment against the railroad company to recover possession of the strip referred to. *Held*, that the action is maintainable. The parol license was revocable by the owner at pleasure, and when K's right to the land ceased any license by him was subject to be ended by the will of the new owner. The protection afforded by K.'s license against a claim for damages could not affect B.'s right, as owner, to recover the land or its price.

2. SAME. *Condemnation of right of way. Right of land owner thereto not exclusive of other remedies.*

   A provision in the charter of a railroad company authorizing either the land owner or the company to institute proceedings to condemn a right of way, does not in any manner abridge the rights of the land owner, or preclude him from asserting them by other appropriate remedies, where there has been an entry and occupancy by the railroad company without having first obtained a right of way.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

G. M. Klein was the owner of a certain tract of land in Warren County. In 1882 or 1883, the Louisville, New Orleans & Texas Railroad Company laid its track over and across the west end of this track, occupying a strip forty feet wide, without objection from Klein, and expecting to arrange the matter with him afterward. The company never received a deed from Klein, but continued to use and occupy the land with his knowledge and acquiescence. Klein failed in business, and the whole of the tract of land was levied on and sold to satisfy judgments against him, and was purchased by Mrs. M. E. Beck. Thereupon, on the 30th of March, 1886, Mrs. Beck brought this action of ejectment against the railroad company to recover possession of the forty feet strip of land occupied and claimed by the defendant as a right of way.

By agreement a jury was waived and the cause submitted to the court on an agreed statement of the facts. Jugdment was rendered in favor of the defendant. The plaintiff appealed.

*Birchett & Gilland,* for the appellant.

Appellee relies upon four propositions for its defense.

1. That ejectment will not lie against a railroad company for the possession of land on which its tracks are laid, because it is a public corporation as well as a private one.

That ejectment will lie we merely refer to the following:

*Jones* v. *N. O., etc., R. R. Co.,* 70 Ala., 227; S. C. 14 Am. & E. R. R. Cas. 218 and the notes thereto; *White* v. *Wabash, etc., R. R. Co.* (Ia.), 17 Am. & E. R. R. Cas. 82; *Perkins* v. *Maine Cent. R. R. Co.,* 72 Maine, 95; *L., N. O. & T. Railway Co.* v. *Dickson,* 63 Miss., 380; 1 Rorer on R. R., 330, 333.

2. .That the Legislature having provided that either party may apply for the appointment of commissioners to condemn the land, this statutory remedy is exclusive of all others.

It is true that decisions to this effect have been made in some of the states, but they are based on the particular statutes of those states. In order for the remedy to be exclusive it must be complete, providing for all of plaintiff's rights.

While the statute of this state relied on by appellee (Acts

of 1882, p. 922) authorizes the appointment of commissioners upon the application of either party, yet it provides no method of enforcing the payment of the assessed value, leaving the land-owner either to his ejectment or to an injunction until payment.

3.    That having entered with the knowledge of Klein, and without objection by him at the time, the entry was by an oral license on the part of Klein, and the Railroad Company is rightfully on the land.    That is true as to past acts or trespasses, but cannot be invoked as a protection for possession or payment.

Oral license to lay a track over land gives no right of way or right to remain on the land, because it would be in the teeth of our Statute of Frauds, on which the courts will engraft no exceptions.    Such right can be acquired by two methods only, to wit, *condemnation* or a *deed*.    An oral license can be revoked by the land-owner at any time, and, if the Railroad Company refuse to yield possession, he can maintain ejectment to recover it.

*Murdock* v. *Prospect Park, etc., R. R. Co.*, 73 N. Y., 579; *Irish* v. *Burlington, etc., R. R. Co.*, 44 Iowa, 380; *Batchelder* v. *Hibbard*, 58 N. H., 269; *Justice* v. *N. V. R. R. Co.*, 87 Pa. St., 28; *Northern Cent. Railway Co.* v. *The Canton Co.*, 30 Md., 347. See full collection of cases on this point in 1 Wood's Railway Law, 608, 612.

An oral license can only last as long as the right or title of the person granting it.

4.    That, if there exist any rights against appellee in the premises, those rights do not belong to, and cannot be enforced by the appellant, her title having accrued after the entry and possession of appellee.    It is true that she could not *sue in trespass for damages occasioned by the initial trespass*, for they belong to the owner at the time of the trespass.

*L. N. O. & T. R'y Co.* v. *Dickson*, 63 Miss., 380; *Anderson R. R. Co.* v. *Kernodle*, 54 Ind., 314; *Blesch* v. *Chicago R. R. Co.*, 43 Wisc., 183; *Blodgett* v. *Utica R. R. Co.*, 64 Barb. 580.

But that does not affect the title to the property, or the right to its possession, and it is on the strength of plaintiff's title that she must recover possession in this State.    Damages

for a trespass have nothing to do with the right of possession, the right to payment of the value of the land in expropriation proceedings, or the right to recover in ejectment.  (63 Miss., 380.)

*Murray F. Smith*, for the appellee.

Appellee rests its case upon two propositions, to wit:

1.  That Geo. M. Klein, the original owner, waived his constitutional right to exact the prepayment of damages, and that Mrs. Beck, buying the land with an easement upon it obvious and plain to be seen, is conclusively presumed to have bought the land subject to this easement and to have bid on it accordingly.

Cooley on Constitutional Limitations, pages 181 and 696; Wilt on Eminent Domain, sec. 140; *Pomeroy* v. *R. R. R Co.*, 25 Wisconsin, 641; *McLenour* v. *R. R. Co.*, 54 Ga., 293; *Neal* v. *R. R. Co.*, 61 Me., 248; *Lewis* v. *R. R. Co.*, 11 Rich., 91.

2.  That by the second section of the charter of N. O. B. R. V. & M. R. R. (Acts of 1882, p. 920), the right to call for a commission and a jury is given either to the land owner or the R. R. Co., and that this is a special statutory remedy and exclusive of all others.

See 5 George, 243.

CAMPBELL, J., delivered the opinion of the Court.

The liability of the railroad company for entering upon the land and building its road, without acquiring title to the right of way, was to the then owner, Klein.  As the land afterwards became the property of the appellant, she is entitled to recover it, and the price of acquiring the right of way must be paid to her.  Building the road without securing the right of way was a trespass; but, if Klein had expressly licensed it by parol, such license would have been revocable at pleasure, and when his right to the land ceased, any license by him ended by the will of the new owner.  Damages for an unauthorized entry, and the price payable for the right of way secured according to law are distinct things.  The former, being an injury to the possession, accrues to the owner at the time.  The latter must go to the owner at the time of fixing the price.  It is true that the owner at the time of the taking, (according to law is meant,) is entitled to the damages (the price) assessed.

The proposition that a railroad company may build upon the land of one who does not object, and thereby secure the right of way subject only to liability to his claim for damages, is not maintainable in this State, whatever may be held elsewhere. A parol license may shield from liability for trespass, but it is revocable, and when revoked is no longer a protection. The only way to secure the right of way is by grant from the owner or by condemnation proceedings, or by the statute of limitations. If the road is built without securing the right of way, the owner, who has not precluded himself, may recover damages for the trespass, and may recover the land occupied by ejectment, or may enjoin in chancery the use of his land. The fact that the charter authorizes either the land owner or the company to institute proceedings for condemnation does not in any manner abridge the rights of the land owner. He is not bound to take the initiative as to such proceedings. If a company desires the right of way, it must take steps to secure it. If it does not, it must answer for every invasion of the rights of the land owner.

*Reversed and remanded.*