FRANK BINDER v. JOSEPH WEINBERG.

[48 South. 1013.]

PARTY WALLS. *Easement. Grant. Necessity.* Code 1906, §§ 3561–
3565. *Rights of owners. Executed license. Estoppel.*

Where under an oral agreement adjacent owners erect on their lots
a two-story building with a party wall on the boundary and a
common hall-way for the second story over the wall, contemplat-
ing that the hall-way should be kept open for passage and to light
and ventilate the rooms on the second floor:—

(a) The agreement did not create an easement by grant; and

(b) An easement of strict necessity is not implied, where, as here,
an interference with the right of the complainant to have the
hall-way unobstructed is remediable at a reasonable expense; and

(c) A deed from one of the parties to a third person conveying his
lot "together with all improvements thereon, party wall agree-
ments thereunto appertaining, and easements," does not show
an easement when none existed before; but

(d) The agreement, erection and use of the building constituted an
executed license, and the grantee in the deed is estopped to take
one-half of the hall-way and erect a permanent structure thereon,
interfering with light, ventilation and passage; since

(e) The deed is sufficient to put the party on notice that there
were party wall agreements, the full nature and extent of which
he was required to ascertain; and

(f) The rights of the parties to have the hall-way kept free from
obstruction is not within Code 1906, §§ 3561–3566, providing how
walls may become party walls, regulating compensation therefor
and preventing their removal or impairment in value.

FROM the chancery court of Washington county.

HON. M. E. DENTON, Chancellor.

Binder, appellant, was complainant in the court below, and
Weinberg, appellee, was defendant there. From a decree in
defendant's favor complainant appealed to the supreme court
The opinion of the court states the facts.

*Hugh C. Watson,* for appellant.

Whether the wall is a party wall is a question of fact and not of law. 6 Lawson's Rights and Practice, § 2789. Under the facts in evidence, it must be held that the wall here in question is a party wall, since a wall built upon the dividing line of two separate properties, and partly upon each is a party wall. *Weems v. Mayfield,* 75 Miss. 286, 22 South. 892.

Appellant contends that the hallway and common stairway resting upon the party wall, together with the roof overhead and the front and rear ventilators, are a part of the party wall under the plans of the structure as erected and maintained.

In the very nature of the structural plan of the building, and, for that matter, in all buildings of like nature, whatever fixtures rest upon a party wall, whether the same be cross beams, floor sills, roof beams, flues, chimneys, ventilators, party hallways, party stairways or other like structures and conveniences, are dependent upon and become a part of the party wall and must be included within the purview of party wall statute law. The principles here contended for run through the case of *Weems v. Mayfield, supra.* Nor is this all; the parties themselves so considered, built by, acted under, and lived under, this construction of the party wall agreement, and appellee bought with reference thereto.

The construction that the parties to a contract have themselves placed upon it will be of aid to the court in construing a contract which is of doubtful construction. *Ganong v. Brown,* 88 Miss. 53, 40 South. 556; *Turner v. Planters' Lumber Co.,* 92 Miss. 767, 46 South. 399.

Either party to this suit has an easement in the joint or common part of the structure which is enforcible against the other. The fact in evidence shows that there was a party wall, to which was added a common or party hall and that the easement as to all parts of the structure that was to be used in common by both parties exists the same as that of the party wall, and the

court can enforce such an easement.  *Giebel v. Smith*, 23 Atl.
437; *Galloway v. Bennesteel,* 6 N. W. 262.

Appellee is chargeable with actual notice of the plan of the
structure by reason of the fact that he had occupied a part of the
building as a tenant for a period of five years prior to the date
of his purchase.

Appellee is also chargeable with constructive notice of the
party wall agreement and the common hall agreement by reason
of the stipulations in the deed from Butler to the bank, and in
the deed from the bank to him.    The stipulations in the deed
from Butler to the bank are: "Together with all and singular
the improvements thereon situated, the party wall agreements,
party ownership agreements thereunto appertaining and the
easements and tenements," etc.    The stipulations in the deed
from bank to appellee are: "Together with all and singular the
improvements thereon situated on all of the aforesaid land and
all the easements, party wall agreements, tenements, and here-
ditaments thereunto belonging."    If these provisions are not
sufficient then the party wall agreement falls within chapter 105,
§§ 3561–3565, Code 1906.

Appellee, having acquird the property with such notice, is
estopped from changing the structure.    *Clark v. Henckel,* 26
Atl. 1039; *Mayes v. Newhoff,* 19 Atl. 827; *Appeal of Cleland,*
19 Atl. 352.

Equity will grant the relief sought by appellant even though
the impairment of the easement be small and the loss of appel-
lee be great when the structure is removed.    Especially is this
true when appellee was notified at the beginning not to build
this obstruction which he was then about to begin.    For
in such a case a mandatory injunction lies.    The whole ques-
tion on this point is so fully discussed in the case of *Krehl v.
Burrell,* 10 Eng. Rul. Cases, 307, 314, and the English and
American notes thereunder that we do not feel it necessary to
go further in the discussion thereof here.

*Percy Bell,* for appellee.

Appellant has failed to show an easement by prescription, or by either an express or an implied grant, as to whether the injunction was rightfully dissolved. Even if an easement had been proved, its existence could work no substantial injury to appellant sufficient to warrant the continuance in force of the injunction.

The provisions in the two deeds, referred to by learned counsel for appellant, do not show the grant of an easement. No easement can be created by the mere use of the words "appurtenancies" and "hereditaments" or other general words. *Bonelli v. Blakemore,* 66 Miss. 136, 5 South. 228.

It is well settled that an implied grant of an easement will not be inferred save in cases of absolute necessity. *Powell v. Sims,* 13 Am. Rep. 629; *Turner v. Thompson,* 24 Am. Rep. 497; *Rempson's Appeal,* 39 Am. Rep. 777.

The evidence fails to show that the original agreement between the parties was in writing.

Inasmuch as no representations were made to appellant upon which he has acted to his injury and inasmuch as no interference of a substantial nature has been attempted with any easement of way by necessity, it followed that appellee, Weinberg, is not estopped from setting up his right to accommodate a tenant and to benefit himself while not injuring appellant or infringing upon appellant's rights. It is well established law that to sustain a mandate for an injunction there must be a substantial injury for which damages not nominal will be granted by a court of law. 19 Am. & Eng. Ency. Law (2d ed.), 124; 6 Pomeroy, Eq. Jur. 548; *Hale v. Rood,* 29 Am. Rep. 528.

The measure of damages is the diminution of value. The overwhelming testimony is to the effect that no injury whatever was sustained. An owner may make changes beneficial to himself, if such changes are not injurious to the rights of others. 19 Am. & Eng. Ency. Law (2d ed.), 126.

The cases cited by learned counsel for appellant are not in point.

WHITFIELD, C. J., delivered the opinion of the court.

The facts in this case are substantially as follows: That complainant and appellee's remote vendor, F. J. Butler, in the year 1900, orally agreed to erect on two contiguous lots a two-story brick building as one structure under one common plan; that this common plan provided, among other things, that over the common boundary line between the lots there should be constructed a party wall, extending the entire length of the structure; that over this party wall there should be a common hallway, extending the entire length of the structure, to be open over the party wall and for an equal distance on both sides thereof; that in the front of the building a stairway was to be constructed, leading up over the party wall, and for an equal distance on either side thereof, from the sidewalk up into the common hallway just described; that at the rear end of the structure there was to be constructed a stairway leading down into the rear of said premises, into an alley on which both of the lots abutted; that on the east side of the party wall, and on the ground floor of the structure, appellant was to have his store, to be occupied by him; that on the west side of the party wall a store was to be constructed to be occupied by the tenants of said Butler, appellee's remote vendor; that the structure was to front to the northward on Washington avenue and its rear to face to the southward towards the alley above mentioned; that on the east side of the common hallway on the second floor of the structure appellant was to have offices and rooms throughout its entire length, while on the west side of the common hallway the said Butler was to have offices and rooms throughout its entire length; that in the rear end of said common hallway sewerage and water facilities were to be placed and maintained at the joint cost of appellant and the said Butler; that individual ownership of the two parties aforesaid was to exist in the struc-

ture so planned up to the party wall, party stairway, and common hallway on their respective lots, but that each of said parties' interest in and to the party wall, party stairways, and common hallway should be burdened with an easement therein, in favor of the other party, created by the party wall agreement, which was to the effect that a party wall was to be constructed as aforesaid up to the second floor of the building, and that on top of and as a part of this party wall there should be a common or party hall, extending for an equal distance on both sides of the party wall, the easement to be in and over each and every part of the party wall, party stairway, and common hallway; that said hallway was to be kept open for the mutual benefit of both parties, this being a matter of necessity, as there were dead walls on the outer boundary lines of both lots, because of adjacent two-story solid-wall buildings; that the only upstairs ventilation and light that the common hallway had was through a rear door and a window at the front thereof; that thus the structure was erected, maintained, and used until the year 1905 by appellant and said Butler, without let or hindrance; that on the 13th day of March, 1905, Butler conveyed his holding to the Citizens' Bank by deed duly recorded, which deed contains the following provision in regard to the party wall agreement, to wit: "Together with all and singular the improvements thereon situated on all of the aforesaid land, and all easements, party wall agreements, and party ownership agreements thereunto appertaining, and easements and tenements," etc.; that simultaneously therewith, on the date last above named, the Citizen's Bank conveyed its holding to Joseph Weinberg, appellee, and others, by deed duly recorded, which deed contains the following provisions in regard to the party wall agreement, to wit: "Together with all and singular the improvements thereon situated, the party wall agreement and party ownership agreements thereunto appertaining, and easements and tenements,' etc.; that at the time of the purchase of the property by appellee the property stood as originally planned and erected, with the plan of

structure and the common user of the party wall, stairway, and common hallway, and the necessity therefor perfectly apparent to him; that appellee inspected said property and had actual notice of the plan of structure from his having occupied it from the date of the erection thereof unto the date of his purchase; and had constructive notice thereof by the provisions of the two deeds above mentioned; that for more than three weeks after appellee's purchase of said property appellee acquiesced in the uninterrupted use of said common hallway as contemplated by the original plan of structure, and so acquiesced until the beginning of the erection of the obstruction which this suit was brought to remove; that the obstruction complained of consisted of a room built in the common hall to the front of and adjacent to the railing which inclosed the upper end of the stairway leading up from the front, and which room extended in width from appellee's wall to the center of the party hall over the party wall, and in length from the stairway to the front wall of the building, thus taking and closing one-half of the width of the hallway for the length of the room; that at the time of the beginning of the erection of the obstruction appellee was notified not to erect the same, and that if he persisted in so erecting the obstruction he would be enjoined, but notwithstanding this notice appellee went forward with the erection of the obstruction in the common hallway until enjoined by the writ of injunction issued in this suit.

Counsel for appellee does not agree that the statement of facts is correct, as above set out, in that part of it which states "that individual ownership of the two parties aforesaid was to exist in the structure so planned up to the party wall, party stairway, and common hallway on their respective lots, and that each of said parties' interest in and to the party wall, party stairways, and common hallway should be burdened with an easement therein, in favor of the other party, created by the party-wall agreement, which was to the effect that a party wall was to be constructed as aforesaid up to the second floor of the building,

and that on top of and as a part of this party wall there should be a common or party hall, extending for an equal distance on both sides of the party wall, the easement to be in and over each and every part of the party wall, party stairway, and common hallway; that the said hallway was to be kept open for the mutual benefit of both parties, this being a matter of necessity, as there were dead walls on the outer boundary lines of both lots, because of adjacent two-story solid-wall buildings; that the only upstairs ventilation and light that the common hallway had was through a rear door and a window at the front thereof." But we think that the testimony in the record does substantially show this part of our statement of the facts to be established by the verbal agreement between the original owners. It is true, we think, that the record fails to show the creation of an easement, in the strict sense of that term, by any grant. We do not think the provisions quoted from the two deeds show the grant of an easement, and those provisions could not create an easement, when none had existed before. *Bonelli v. Blakemore,* 66 Miss. 136, 5 South. 228, 14 Am. St. Rep. 550.

Since an easement proper lies in grant, and there is no grant of an easement shown, we do not think the appellant can stand on his contention in that behalf; nor do we think there is any implied grant of an easement on the ground of strict necessity, under the testimony in the case. It is true that the window in the front half of the hallway was obstructed to the extent of one-half of it, and that light and ventilation, are both interfered with to some extent thereby; and it is shown that, since the only light the offices opening into the common hallway receive comes from the windows at the two ends of the hallway, there is a serious interference with light and considerable interference with the passageway—the exit and entrance of those ascending the stairway to the common hall. But the testimony is not sufficiently clear and strong, we think, that these difficulties may not be remedied at a reasonable expense on the part of appellee, so that we are disinclined to hold that there was here an implied

easement of strict necessity. We think further, that there is not sufficient evidence that the original agreement between the parties was in writing. At any rate, we would not disturb the finding of the chancellor on that fact. Nor do we think that appellant's case fails within chapter 105, Code 1906, §§ 3561–3565. On all these points we concur with the learned court below.

But we do think, from the testimony in this record, under the law applicable thereto, that the appellee is estopped, by equitable considerations, from obstructing this common hallway with this new room. It is plain that the original verbal agreement between the parties who built the party wall and the common hallway above and on the party wall, expressly stipulated that each of the parties was to have the use of the entire hallway, that the light and ventilation of that hallway were not to be interfered with by either, and that the plan of the two buildings, as related to the party wall, and also the common hallway, the way in which both were constructed, and the use to which the common hallway was to be put by both, involved a unity of design; that design being that each party should have full use of the whole common hallway, and derive the full benefit of the unobstructed light and air and passageway therein. This is clear from the evidence. The testimony of the appellee himself plainly shows that he had occupied an office in this building for five years as a tenant, from its original construction, and that prior to his purchase he was thoroughly conversant with the plans of this building, and that he knew, when he purchased the building that the wall was a party wall, that the stairway leading up to the hallway was a party stairway, that the stairway in the rear was also a party stairway, and that the hallway, at the time he purchased it, was and had been used all the while and owned as a party hallway, ever since the building was erected; that objection was made to his building this room by Huntzberger, the clerk of Binder, the appellant, Binder not being in town when this new room was started, but that appellee went forward with the

building of the new room, in the face of positive objections on the part of said clerk; that appellee knew that the new room did block the passageway to a certain extent, and that by reason of the dead walls on both sides of the building the only light and air the hallway got was from the end windows in the hallway; and that the appellee acted on his impression of the law to the effect that he had exclusive individual ownership to his side of the hallway.

It is further evident, from the verbal agreement, that the appellant had put his money into the construction of this common hallway, as well as of the party wall, upon the faith of that verbal agreement that he should have the use of the whole of the common hall, just as his cobuilder should have the use of the whole common hallway, and that it was the purpose of this verbal agreement that this common hallway should be left entirely unobstructed, to be used, according to the agreement, only as a common hallway. The only reason appellee gives for building a new room was that he wished thereby to increase his rent. It was the plain purpose and plan, as shown by the construction and building of the party wall and common hallway, that the common hallway should be so used by both in its full extent, and should not be obstructed in any part of it. On this state of the case we are clearly of the opinion that the appellee is estopped to build this new room. Certainly the right and justice of the case uphold this view. It is also due to be said that whilst the provisions in the two deeds, the one from Butler to the Citizens' Bank, and the one from the Citizens' Bank to the appellee, to the effect that the grantee should have the property conveyed, together "with all and singular the improvements thereon situated on all of the aforesaid land, and all easements, party-wall agreements, tenements, and hereditaments thereunto belonging," were sufficient, whilst not conveying any easement, to put the appellee upon notice that there were party-wall agreements, etc., about this partywall and common hall, the full na-

ture and extent of which he had nothing to do to ascertain except simply to inquire of the appellant.

We think the cases of *Appeal of Cleland,* 133 Pa. 189, 19 Atl. 352, 7 L. R. A. 752, and *Clark v. Henckel* (Md.), 26 Atl. 1039, fully support this view which view we may also add as an important consideration, is in strict accordance with the contemporaneous construction put upon the verbal agreement by the original parties to the agreement. In the case of *Clark v. Henckel, supra,* the owner of the lot conveyed part of it, and in accordance with an oral agreement with his grantee that an alley should be left between their properties, for mutual benefit, one was laid out, half on the property of each, and used continuously by the owners of the property for thirty-five years. It was held that, the agreement having been fully performed on both sides, neither should enclose the part of the alley which had been taken from his property. It is true that in that case there had been an adverse user for a length of time much beyond the period of prescription; but the court, quite apart from that, holds and says: Now, although the parol agreement would not give a right to the alley, yet in this case it has been fully executed by both parties, each one contributing a portion of his land to make the alley, and it has been used for thirty-five years by the contracting parties, and those who have succeeded to their estates. It is difficult to see how the right of the complainant can be impugned. It has all the elements and requisites of validity. Here is an agreement fully performed on both sides. If any muniment of title were requisite for the protection of the right thus acquired, no one can doubt that a court of equity would decree it."

In the case of *Appeal of Cleland, supra,* the owners of adjoining lots built a single building covering both lots. The only access to the upper stories was by stairs which were altogether on one lot; and it was held that the erection of such building constituted an executed license in the nature of an easement on the part of the owner of said lot, allowing the owner of the other lot

to use such stairs, and, further, that purchasers of the lot on which the stairs stood, being affected with notice of the license by the mere existence of the building, cannot prevent the owner of the other lot from using such stairs. The court observed further: "The master has found that there was an express agreement between Phelps and Pierce with regard to the use of the stairways now in question. There is sufficient evidence to sustain this in the testimony of the architect, Perry. If this be so, Phelps could not subsequently repudiate or revoke it, after Pierce, in reliance upon it, had consented to the erection of the building in its present form. So far as it is necessary to the plaintiff's case, we affirm this finding of the master. But, as said at the outstart, we do not consider the existence of an express contract essential. The circumstances to which we have referred, of themselves clearly raise an equitable estoppel in favor of the one party and against the other. There is no doubt but that the present arrangement of the building was recognized at the time to be for the mutual advantage of all parties concerned; and, so far as it is of such mutual advantage, this advantage cannot be denied by either party to the other. Pierce, for instance, could not cut off access through the corridors on the second and third floors from the Phelps to the Dickson part, nor vice versa. For the same reason the owners of the Phelps part cannot interfere with the free and common use by the owners and tenants of the Pierce part of the corridors and stairways which happen to be upon their side of the property. The building being cast by common consent in its present permanent form, neither party can revoke the arrangement, upon the faith of which the money of the other has been expended. Each and every part is affected with what, in its nature, is a permanent servitude, so long as the building itself stands. It cannot be changed from its present form, nor the right of common access now provided for be interfered with, at the will of either party, but only by the common consent of all. 'A right of this character, while not strictly an easement, is in the nature of one. It is really a permission or

license, express or implied, to use the property of another in a particular manner or for a particular purpose. Where this permission has led the party to whom it has been given to treat his own property in a way in which he would not otherwise have treated it, as by the erection or construction of permanent improvements thereon, it cannot be recalled to his detriment. Having expended his money upon the faith of it, and not being able to be restored to his original position, equity will not allow the permission to be revoked in breach of such faith. This has given rise to the doctrine of executed or irrevocable licenses. This doctrine obtained an early foothold in Pennsylvania, and has been consistently adhered to ever since.' . . . The defendants are furthermore affected with both actual and constructive notice of the right to which the plaintiff lays claim. Not only were they directly notified of its existence, but they could not use their eyes without having it plainly called to their attention. It was an evident servitude existing over the one building in favor of the other, and arising out of the permanent form in which the building had been constructed. They were thus put upon such inquiry as would have elucidated the facts upon which the plaintiff now justly relies, and are bound thereby."

We think this statement of the law is not only eminently just, but perfectly sound, and covers the case in hand fully. Wherefore the decree is reversed, and a final decree will be entered here, reinstating the injunction and making it perpetual.

.       *Reversed.*