COTTON STATES LUMBER COMPANY *v.* JOSEPH A. JAMES.

[53 South. 410.]

1. CONSTRUCTION OF CONTRACT. *Easement.*

Where a party for a valuable consideration conveys to another party; first, all merchantable timber standing on the lands of the grantor (which are described) limiting the time of removal of same within four years from a given date; and second for the purpose of removing the timber, the right to maintain and operate tramways, railroads, etc., over the grantor's lands; and, third, after the removal of the timber from the lands of the grantor to enable the grantee to reach other timber owned by it, the right to construct and maintain such roadways, tramways, etc., over and across said described lands as may be needed and providing that this right shall be binding upon the grantors, their heirs and assigns, reserving to grantors the right to enter upon any of said lands as the timber shall be removed therefrom, providing, however, that this right shall not interfere with the right of the grantee to use any part thereof for rights of way as aforesaid. *Held,* that the clause limiting the time for removal of the timber from the grantor's lands to a period within four years, and the one following, conveying the right to the grantee after the removal of said timber to maintain its road over such lands for the purpose of reaching other timber owned by it, harmonize, and such a contract is not void for uncertainty.

2. SAME.

The duration of the easement granted by such a contract is as long as may be necessary to reach other timber of the grantee owned at the time of the contract than that upon the lands of the grantor.

APPEAL from chancery court of Lauderdale county.

HON. SAM WHITMAN, JR., Chancellor.

Bill by Joseph A. James against the Cotton States Lumber Company. A demurrer to the bill was overruled, and defendant appeals.

*G. Q. Hall, Hall & Jacobson,* for appellant.

All that is left appellant is to claim that the provision of the deed is ambiguous and open to construc-

tion. But in such case the rule is that construction most
favorable to the grantee is to be adopted. 17 Am. and
Eng. Ency. Law (2d Ed.), 14. The construction con-
tended for by appellee would not only be favorable
to appellant, the grantee, but destructive of a valuable
right. It must be apparent that this right to cross ap-
pellee's land after removal of the timber to reach other
timber and to maintain such way as long as necessary
for that purpose, is valuable to appellant, so valuable in
fact that its denial may block it off from valuable tim-
ber and thereby impose heavy loss upon it. From the
recitals of the deed, it appears that appellant paid ap-
pellee a goodly sum for these rights, to-wit: Two thou-
sand dollars, and the right to cross the land after re-
moval of the timber thereon to reach the other timber
appears to have been closely and jealously guarded in
subsequent clauses of the deed. It is first made binding
upon the grantors' heirs and assigns as well as them-
selves; and finally, when appellee reserves the right to
re-enter as the timber is removed (which might be on the
last day) appellant provides that "this right shall not
interfere with the right of said company to use any
party thereof for rights of way as aforesaid."

It is inescapable, we submit, that appellant's right to
cross the land accrued upon removal of the timber and
ends only when the need for the way to reach the other
timber ends. Appellant therefore in doing as set forth
in the bill of complaint, is exercising its valid and sub-
sisting right under the contract.

But appellee says this right is merely a license, re-
vocable at pleasure, which is to say that it is subject to
cancellation by decree of the court in this action.

This right was granted by deed, in connection with
the conveyance of an interest, to-wit: the growing trees.
It did not terminate with the removal of the trees, but
accrued thereupon and was the outgrowth thereof. It
is a way of necessity to reach other lands. While the

grantee reserved the right to enter upon the land as the timber was removed, it was expressly provided that appellant's right in this respect was not to be interfered with, which is to say that appellant was to have unmolested possession of the strip of land occupied by its railroad across the same, and this covenant was made binding upon the grantors' heirs and assigns as well as upon themselves. It is more than a license, it is an interest or easement.

It is not revocable under the decisions of this court. *Beck* v. *L. N. O. & T. R. R. Co.*, 65 Miss. 172; *Belzoni Oil Co.* v. *Y. & M. V. R. R. Co.*, 47 So. 472; *Butterfield* v. *Guy*, 92 Miss. 361; *Frederick* v. *Mayers*, 89 Miss. 127.

If it be regarded as a license, it is not revocable because it was coupled with an interest and is founded upon a large cash consideration. In 18 Am. and Eng. Ency. Law (2d Ed.), 1143, it is said: ''The general rule is that if there is a license simply, not coupled with an interest in the land it may be revoked at any time, even though it is under seal; and according to some cases, though founded upon a consideration, but the weight of authority is against this latter view.

Our court has held that a license was revocable even where a consideration had been paid therefor but only in cases where the same rested in parol. Such was the *Beck case, supra,* and the *Walton case,* 74 Miss. 484. In the *Belzoni Oil Co. case, supra,* there was a writing but it was held not to be a contract, which we understand to mean that it was a *nudum pactum.*

The right in this case is created as this court said in the *Beck case, supra,* it should be created, by deed and contract.

If this contract is not binding, then it is impossible to make a binding contract for a right of way in this state.

*Amis & Dunn,* for appellee.

It is familiar and elementary learning, that uncertainty of description renders a conveyance void, and that *ambiguitas patens* cannot be holpen by averment; in other words, that nothing passes by a deed except that which is definitely and certainly described in the conveyance.   71 Miss. 113; 57 Miss. 89; 60 Miss. 385; 58 Miss. 34; 63 Miss. 91; 63 Miss. 9; 56 Miss. 622; 65 Miss. 563; 67 Miss. 275; 71 Miss. 357; 48 Miss. 247; 46 Miss. 299; 52 Miss. 596.

Now looking to the deed, not a part of it, but to the whole of it, what do we find? We find, first, that the appellee conveyed to the appellant all merchantable timber on the lands named in the deed; nothing more, nothing less. We find in the second place, that he granted to it the right to cut and remove said timber at any time within four years from January 1, 1906, and for that purpose (no other purpose, mind you) the right to enter upon said lands and establish or construct thereon roadways, railroads, or other means necessary for such purpose" that is, for the purpose of removing the timber only. We find, in the third place, that in the event it shall be deemed necessary (by whom, if you please?) to cross said lands or any part thereof, after said timber shall have been removed (not after the expiration of the four years) to reach other timber of said grantee, then it was allowed or authorized to construct and maintain such roadways, trams, railroads, etc., over and across said lands as may be needed. And in the fourth place, we find that appellee reserved to himself the right to enter upon any of said lands as the timber shall be removed therefrom; provided, however, this right shall not interfere with the right of said company to use any part thereof for rights of way as aforesaid.

Now, looking to the whole deed, what was the intent of the parties? In our opinion, it was that the appellant should have the merchantable timber on the land,

or such part thereof, as it should remove in four years from January 1, 1906; that it should have the right to enter upon the land at any time during the four years to cut and remove the timber and to construct such roads as railroads thereon as might be necessary for such purpose; that as the timber was removed (not after it was removed) from the land, he might re-enter upon such part as had been denuded of the timber, and take exclusive possession of it; except and provided, however, that after all the timber had been removed from the land, the appellant should have the right to construct and maintain a roadway or railroad across the land to reach other of its timber. But the question is, for what length of time shall this right to maintain the railroad subsist? Except for the clause of the deed in question, the right of appellant to enter upon the land for any purpose whatever would have terminated, either upon the expiration of the four years' period or upon the removal of the timber at any time prior thereto.

Now the bill of complaint alleges that the appellant cut all the timber from the lands of appellee long prior to the expiration of the four years named in the deed; hence its right to enter on the lands for any purpose rests upon that clause of the deed relating to timber on other lands than that of the appellee. This being true, then the supposed right of appellant to enter upon the lands and construct and maintain its railroads thereon, to reach timber on other lands, is not appurtenant to, or dependent upon, any other right, privilege or thing granted in the deed. If it be a grant at all, it was a separate, distinct and independent grant of a right or privilege, wholly separate and distinct from, and independent of, any and all other grants contained in the deed. The only connection which it has with any other grant contained in the deed is, that the time of the commencement of the supposed right is fixed by the total removal of the timber from the lands named in the deed.

The alleged grant was not coupled with an interest because by its very terms the right could not arise until all other rights and interest acquired by the appellant, under the deed, had expired or become terminated. The grant, if grant it be at all, stands alone unsupported by anything and not coupled with an interest in anything. If so, and if as we contend it to be, at most, a mere license then it is revocable at the will of the grantor.

Argued orally by *W. M. Hall,* for appellant.

ANDERSON, J., delivered the opinion of the court.

This is a bill by the appellee, James, against the appellant, the Cotton States Lumber Company, seeking to cancel, as a cloud upon his title to certain lands, the claim of the appellant to an easement over and through such lands for its logging railroad. A demurrer was interposed to the bill, and overruled by the court below, and an appeal to this court granted to settle the principles of the cause. The case involves a construction of the following contract:

"For and in consideration of the sum of $2000 received from the grantee, we, Jos. A. and Lizzie O. James, hereby sell, convey, and warrant unto the Cotton States Lumber Company, a corporation, created and existing under the laws of the state of Mississippi, domiciled in Lauderdale county, all merchantable timber, that is to say, of the size sufficient for saw logs in and upon the following described lands, situated in Lauderdale county, state of Mississippi, to wit: The N. E. ¼ of the S. E. ¼ and the south ½ of the S. E. ¼ and the E. ¼ of the S. E. ¼ of the S. W. ¼ and the S. W. ¼ of the S. W. ¼ of section 19, and the N. W. ¼ of the N. W. ¼ of section 30, all in township 8, range 14 east. And it is understood and agreed that the said Cotton States Lumber Company, its successors and assigns, shall have four years from Jan. 1, 1906, in which to cut and remove said timber and for

that purpose enter upon said lands and establish or construct thereon roadways, railroads, or other means necessary for such purpose, and also, in the event it shall be deemed necessary to cross said lands, or any part thereof, after the said timber shall have been removed, to reach other timber of said grantee, it may construct and maintain such roadways, tramways, or railroads, or other means, over and across said lands, as may be needed. And this right shall be binding upon the grantors, their heirs and assigns. And it is further understood and agreed that the said James shall have the right to enter upon any of said lands as the timber shall be removed therefrom; provided, however, that this right shall not interfere with the right of said company to use any part thereof for rights of way as aforesaid.''

The contention of appellant is that under the provisions of the contract it has the right, after the removal of the timber from the lands of appellee, to continue to maintain and operate its tramways and railroads over such lands as long as may be necessary to reach other timber owned by it; while appellee contends that such right expired with the four years given by the contract for the removal of the timber from his lands.

For a consideration of two thousand dollars, paid by appellant, appellee conveyed to it, first, all merchantable timber of size sufficient for saw logs, standing on his lands (which are described), limiting the time for removal of same within four years from January 1, 1906; second, for the purpose of removing the timber, the right to maintain and operate tramways, railroads, etc., over his lands; and, third, after the removal of the timber from his lands, to enable the lumber company to reach other timber owned by it, the right to ''construct and maintain such roadways, tramways, or railroads, or other means, over and across said lands, as may be needed,'' and this right shall be binding upon ''the grantors, their heirs, and assigns,'' reserving to himself

"the right to enter upon any of said lands as the timber shall be removed therefrom; provided, however, that this right shall not interfere with the right of said company to use any part thereof for rights of way as aforesaid." The clause limiting the time for the removal of the timber from appellee's lands to a period within four years from January 1, 1906, and the one following, conveying the right to appellant, after the removal of such timber, to maintain its road over such lands, for the purpose of reaching other timber owned by it, harmonize. By the former a limitation of four years is clearly provided for the removal of the timber from appellee's lands, while by the latter it is just as clear that appellant got the right, after such removal, without limit of time, except as long as its necessities required, to maintain its road over appellee's land in order to reach other timber owned by it, there being nothing in the contract to show the parties intended that the limitation in one should be read into the other; and the correctness of this construction is emphasized by the last clause in the contract, giving appellee the right to re-enter on his lands as the timber was removed, "provided, however, that this right shall not interfere with the right of said company to use any part thereof for rights of way as aforesaid," showing that the parties had in mind that this easement was valuable to appellant, and an important part of the consideration, while, if the limitation of four years applies, it would be of no value whatever, if appellant consumed the whole period in removing the timber from appellee's lands.

It is contended for appellee that the clause in question is void, because not sufficiently definite and certain in its terms. The lands over which the easement is granted are sufficiently described, and the duration of the easement is as long as may be necessary "to reach other timber of said grantee," which evidently means (putting a reasonable interpretation on the language) other

timber owned by the grantee at the time of the making of the contract, and not timber which it might thereafter acquire for an indefinite period; nor would the appellant have the right to the easement for an indefinite period, but only for such time, under the conditions surrounding, as would take, with reasonable expedition, to remove the other timber so owned by it. *Beck* v. *L., N. O. & T. R. R.,* 65 Miss. 172, 3 South. 252, and *Belzoni Oil Co.* v. *Y. & M. V. R. R.,* 94 Miss. 58, 47 South. 468, have no application here, because the contract involved in those cases conferred a mere license on the grantees, without any interest in the land, while this contract confers an easement, which is an interest in land, and not revocable at the will of the grantor.

*Reversed and remanded.*