Nelson v. Nelson.

(In Banc.   June 8, 1942.)

[8 So. (2d) 507.   No. 34861.]

Percy Bell, of Greenville, for appellant.

**Ben Wilkes,** of Greenville, for appellee.

**Percy Bell**, of Greenville, for appellant, in response to the court.

**Ben.Wilkes,** of Greenville, for appellee, in response to the court.

Argued orally by **Percy Bell,** for appellant, and by **Ben Wilkes,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant exhibited an original bill of complaint against the appellee, his wife from whom he seems to be

headed for a complete separation, alleging that she had granted him a gratuitous oral license to construct houses on land belonging to her for the purpose of leasing them to tenants and collecting and appropriating the rents therefrom. Acting on this license he built several small houses on the appellee's land and has been collecting rents therefrom, but that the appellee has attempted to revoke this license and prevent him from collecting rents from the houses. The prayer of the bill is for an injunction restraining the appellee from interfering with the collection of these rents by the appellant. The court below sustained a demurrer to the bill and on the appellant's declining to plead further dismissed the bill and committed no error in so doing. Beck v. Louisville, etc., R. Co., 65 Miss. 172, 3 So. 252; Belzoni Oil Co. v. Yazoo & M. V. R. Co., 94 Miss. 58, 47 So. 468; Binder v. Weinberg, 94 Miss. 817, 48 So. 1013, relied on by the appellant, presented an executed agreement of adjoining landowners to erect contiguous buildings with a party wall on, and a stairway and hall over, the boundary line between the two properties; the wall being necessary for the support and the stairway and hall for the use of each of the buildings. The case while apparently in conflict with the cases hereinbefore cited is not so in reality and is distinguishable therefrom, as will appear from 2 Tiffany on Real Property, Enlarged Ed., 1206 et seq., and 1261 et seq.; 33 Am. Jur., License, Secs. 103-105; 37 C. J. 292 et seq.; note to Lawrence v. Springer, 31 Am. St. Rep. 712; note to Shaw v. Proffitt, Ann. Cas. 1913A, 74, where Binder v. Weinberg, supra, is commented on as it also is in 37 C. J. 294. There is language in Agnew v. Jones, 74 Miss. 347, 23 So. 25, which conflicts with the holding in Beck v. Louisville, etc., R. Co., supra, but the question there presented was very different from that presented in the Beck case and here, and it does not appear that the court there intended to overrule the Beck case and clearly did not think that case had been overruled when

it decided the Belzoni Oil Co. case, for the Beck case was there cited and relied on.

This bill of complaint alleges that the appellant had the right under this parol license "to either remove said structures or continue to occupy said land with them as he may elect," and a part of its prayer is that the court "will confirm the license of your complainant to occupy the property with his structures or to remove the same as he may desire." The bill contains no allegation that the appellant had attempted to exercise his claimed right to remove the buildings and been prevented by the appellee from so doing, consequently the existence of that right vel non is not presented by the bill of complaint and the brief of counsel for the appellant does not so claim; no opinion, therefore, is here expressed thereon.

Affirmed.