THE PHŒNIX INSURANCE COMPANY, OF HARTFORD, CONN., v. C. F. IRELAND *et al.*

No. 488.    (58 Pac. 1024.)

1. FIRE INSURANCE—*Parol Contract—Statute of Frauds.* A parol agreement, terminable at any time upon notice by either party, that a fire-insurance policy shall be renewed from year to year, is not void under the provisions of the statute of frauds.

2. ——— *Valid Contract—Statutory Provisions.* In the absence of any statutory provision to the contrary, a parol contract to insure is valid.

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed November 20, 1899. Affirmed.

*Fyke, Yates, Fyke & Snider*, for plaintiff in error.

*L. B. & J. M. Kellogg*, for defendants in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This is an action by C. F. Ireland & Co. against the Phœnix Insurance Company, of Hartford, to recover damages for a breach of an oral contract to insure the defendant in error's stock of goods, alleged to have been made by defendants in error with plaintiff in error through its agent, I. E. Perley. The case was tried to a jury, and resulted in a verdict and judgment for C. F. Ireland & Co. plaintiffs below. The insurance company brings the case here for review.

The admissions of the parties eliminated from this case all minor matters. The main question submitted to the jury was whether or not the oral contract as claimed by plaintiffs below was entered into. Upon this question the jury found for the plaintiff. The facts, briefly stated, are :

The defendants in error took out an insurance policy which was renewed from year to year, the local agent sometimes issuing new policies and sometimes issuing renewal receipts. After the insurance had been in force for several years the rate was increased from nine to eleven dollars. A new policy was issued in defendant company, and the insured told the local agent to take care of the insurance — keep it up the same as he had hitherto done. At the expiration of the year the agent forgot to issue a renewal receipt, and a short time thereafter the property was totally destroyed by fire. The contract was terminable by either party at any time.

The court instructed the jury (in part) as follows :

"4. If the plaintiffs have failed to satisfy you, by a preponderance of the evidence, that said oral contract of insurance was entered into as claimed, then you will find for the defendant.

" 5. In this action plaintiffs seek to recover damages for a breach of an oral contract to insure the plaintiffs' stock of goods, alleged to have been made by the plaintiffs with defendant, through its agent, I. E. Perley. The court instructs the jury that an oral contract of insurance is just as legal and binding upon the parties thereto as one in writing and evidenced by the usual written policy.

" 6. If, therefore, the jury believe from the evidence that the parties agreed that the insurance should be kept in force and renewed from year to year, unless ordered discontinued, and that said insurance was not revoked or ordered discontinued, and that their minds met as to the terms of such agreement, and that there was nothing further to be done between the parties, except that the agent of the defendant should make out the renewal receipts, or evidence of renewal, and that the plaintiffs should then, upon delivery of such renewals, pay the premium, then I instruct you that such an agreement would bind the company to keep the insurance renewed and in force, and it could only avoid liability on such contract by tendering the renewal and demanding the premium and the failure of the plaintiffs to pay the same, or by giving the plaintiffs notice that the defendant refused to further carry the risk, and ordered the insurance discontinued.

" 7. If the jury believe from the evidence that there was an oral contract of insurance between the plaintiffs and defendant, and that there was a breach of such contract by the defendant, the measure of plaintiffs' damages is the amount agreed upon as the insurance to be carried on the property, if the property to be insured, and which was destroyed by fire during the life of the insurance, as it was agreed to be carried, was of that value.

" 8. If, therefore, you believe from the evidence that the plaintiffs and defendant agreed upon $1000 as the amount of the insurance, and that the property was worth that amount when destroyed by the fire over and above the amount of any additional insurance permitted and carried on the property in some other company, then your verdict will be for $1000, if you

find for the plaintiffs, and six per cent. interest from September 15, 1893.

"9. The court instructs the jury that, although they may believe from the evidence that when the first policy of insurance was written for plaintiffs defendant's agent agreed to insure the plaintiffs' stock of goods at the premium charged in the policy so issued, from year to year, until such insurance was ordered discontinued by one or the other of the contracting parties, yet, if a higher premium was subsequently exacted by defendant and assented to by plaintiffs, or said insurance was modified in any way, this put an end to the original arrangement, and it required a new bargain to effect a continuing insurance from said date, and if you find that no such understanding was had or arrangement made between plaintiffs and defendant at the time or after the premium rate was increased, in 1893, then the verdict must be for the defendant."

The only question to be determined is, Was the oral agreement, made with the agent, binding upon the company?   Defendants in error cite the case of *Trustees of the First Baptist Church v. Brooklyn Fire Insurance Co.*, 19 N. Y. 305, as being decisive of the case.   Justice Comstock, in delivering the opinion, said :

"The alleged agreement on which the suit is founded was to renew a policy of insurance from year to year in consideration of a premium to be annually paid, either party being at liberty to give notice at any time that the arrangement would not be continued.   Such an agreement, although not in writing, is not void by the statute of frauds, on the ground that 'by its terms it is not to be performed within one year from the making thereof.' (2 R. S. 135, § 2.)   It is not the meaning of the statute that the contract must be performed within a year.   If it can be so performed consistently with the language in which the parties have expressed themselves, in other words, if the obligation of the contract is not, by its very terms,

or necessary construction, to endure for a longer period than one year, it is a valid agreement, although it may be capable of an indefinite continuance. An agreement which either party can terminate at any. time by a notice to the other, may be binding so long as the notice is not given, but it is not within the language or policy of the statute. (*Plimpton v. Curtiss*, 15 Wend. 336; *Moore v. Fox*, 10 John. 244; *Fenton v. Embler*, 3 Burr. 1278; 2 Parsons on Con. 316, and note.)

"Aside from the objection just considered, contracts of insurance, whether executory or importing a present risk, are not required by any statute to be in writing; and we are therefore next to inquire whether, if made by parol, they are valid upon general principles of law. A policy of insurance is a mercantile contract, having its origin in, and deriving its incidents from the usage and laws of commercial nations. In many of the countries of Europe the contract is required to be in writing by positive ordinances, which set forth minutely the circumstances and the stipulations which it ought to express. (1 Duer on Ins. 61.) The same is true of marine insurances in Great Britain, a written policy being required by the stamp acts. (35 George III, ch. 63.) Such is also, undoubtedly, the usage in this country; and indeed, the very term 'policy' imports that the party insured holds a written instrument to which that name has been given. It seems, however, that even in the continental countries of Europe, where formal policies are required by the codes of public law, unwritten agreements to insure will, in some circumstances, be executed by the courts of justice. (3 Boulay Du Paty, 246; 2 Valin, 20; Pothier, Traite du contract d'Assurance, n. 96, 97.)

"In this state we have no positive law on the subject. The contract, as I have said, had its origin in mercantile law and usage. It has, however, become so thoroughly incorporated into our municipal system that a distinction which denies the power and capacity of entering into agreements in the nature of insurance, except in particular modes and forms, rests upon no foundation. The common law, with certain

exceptions having regard to age, mental soundness, etc., concedes to every person the general capacity of entering into contracts.   This capacity relates to all subjects alike, concerning which contracts may be lawfully made, and it exists under no restraints in the mode of contracting, except those which are imposed by legislative authority.   There is nothing in the na-- ture of insurance which requires written evidence of the contract.   To deny, therefore, that parol agreements to insure are valid, would be simply to affirm the incapacity of parties to contract where no such incapacity exists, according to any known rule of reason or of law.   The supreme court of the United States, in a recent case in which the question directly arose, has determined that a parol agreement to make and deliver a policy of insurance need not be in writing. (*Commercial Mut. Marine Ins. Co. v. The Union Mut. Ins. Co.*, 19 How. 318.)   We do not hesitate to adopt that conclusion, and it follows that the objection made at the trial to the agreement offered to be proved, so far as it rests upon this ground, cannot be maintained."

A rehearing was granted in this case, and the last decision is reported in *Baptist Church v. Brooklyn Fire Ins. Co.*, 28 N. Y. 153, where the law applicable to the facts in this case is approved.   As bearing upon the validity of this contract, the following authorities are cited :   *Relief Fire Ins. Co.*, etc., v. *Shaw*, 94 U. S. 574 ; *Campbell v. The American Fire Ins. Co. of Philadelphia*, 73 Wis. 100, 40 N. W. 661 ; *The Western Massachusetts Ins. Co. v. Duffy*, 2 Kan. 347 ; *King v. The Hekla Fire Ins. Co.*, 58 Wis. 509, 17 N. W. 297.

The other errors assigned are not sufficient to compel a reversal.   The judgment of the district court is affirmed.