JOHN STRUZEWSKI and WIKTOEYA STRUZEWSKI, Respondents, *v.* FARMERS' FIRE INSURANCE COMPANY, Appellant.

Fourth Department, July 3, 1917.

Insurance — fire insurance — action on renewal of policy — pleading — amendment of complaint so as to allege parol agreement by defendant's agent to keep plaintiffs insured — validity of said parol agreement — Statute of Frauds — unilateral contract — charge by court as to duty of agent to find plaintiffs after their removal to another vicinity.

Where, in an action against a fire insurance company upon an alleged renewal of a policy issued by it, it appeared that the plaintiffs purchased the property through the duly authorized agent of the defendant who had express authority to " countersign and issue policies of insurance and renewals in the city of Depew and vicinity;" that said agent told plaintiff that he would renew the policy every three years and send it to him; that said agreement was carried out by the defendant for a period of twelve years, and at the trial the court was of the opinion that the plaintiffs' proof failed to establish the issuance of the renewal policies, it was proper to allow an amendment of the complaint so as to allege a parol agreement to keep the plaintiffs insured in the defendant company.

In view of the character of the business of defendant's agent, and the fact that he had previously delivered renewal policies, the plaintiff was justified in assuming and believing that he spoke in the name of the defendant, and his oral agreement to keep the policy renewed is binding on the company.

Said oral agreement is not void under the Statute of Frauds upon the ground that by its terms it was not to be performed within one year from the making thereof, as there is nothing in the contract fixing any particular time for its performance by the defendant.

Said contract is not void upon the ground that it is unilateral.

The plaintiffs having removed from Depew and vicinity, the court was justified in charging that the agent should have done more than simply ascertain that the plaintiffs had moved to Buffalo.

FOOTE, J., dissented.

APPEAL by the defendant, Farmers' Fire Insurance Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 13th day of October, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Vernon Cole,* for the appellant.

*Joseph A. Wechter,* for the respondents.

DE ANGELIS, J.:

The plaintiffs have recovered a judgment against the defendant for a fire loss. The action was brought upon an alleged renewal made on or about the 22d day of October, 1915, of a policy issued by the defendant on the 22d day of October, 1912, whereby the defendant insured the plaintiffs against loss of or damage to their frame dwelling house in Depew, in the State of New York, by fire, to the amount of $800, for the period of three years. The fire occurred October 24, 1915. The defense, so far as it is material upon this appeal, was a general denial.

It appeared that the plaintiffs purchased the property through the agency of one Rowley who was at the time of the purchase and remained down to the time of the trial the duly authorized agent of the defendant. The conveyance of the property to the plaintiffs upon such sale was made October 22, 1903, and upon that day through the agency of Rowley the defendant issued its policy of insurance to these plaintiffs dated that day, whereby it insured this building against loss or damage by fire for the period of three years. At the time of the expiration of that policy the defendant through this same agent issued another like policy to the plaintiffs and so on at the expiration of each period of· three years down to and including the 22d day of October, 1912. These renewal policies were issued without solicitation by the plaintiffs and the plaintiffs paid their premiums therefor at their convenience. The premium for the renewal of 1912 was paid October 28, 1912.

It appeared that the plaintiffs occupied this house until about the month of April, 1915, when they rented the house and removed to Buffalo where they lived up to the time of the fire. Over the objection and exception of defendant the plaintiff John Struzewski was permitted to testify to a conversation and to what took place between him and Rowley on the day after the fire at Rowley's office in Depew in which Rowley stated in substance that he sent the renewal policy to this plaintiff in Buffalo and the same had been returned and that Rowley called his attention to an entry on a book conveying the idea that the entry showed that the renewal policy had been sent to him and returned. Rowley admits such talk but says that he was mistaken and that he referred to a policy issued to another person. This same plaintiff was permitted to testify referring to the transaction of buying his property through the agency of Rowley and his talk with Rowley as follows: " When I got the title, received my deed, I want to get fire insurance too, and I asked him about this company, that is the Farmers' Fire Insurance Company, and he says it is the best fire insurance what he knows. He says he is going to renew it every time; he says he can renew it every three years and he is going to send it to me and renew it every three years and send it up to me." This testimony was objected to by the defendant upon the ground that it was inadmissible under the pleadings; that the agent had no authority to make such an arrangement and that it was in form and in fact the individual agreement of the agent. The defendant took an exception to the ruling by which the testimony was received. Rowley denied that he had any such talk with John Struzewski.

At the close of the case the trial court was of opinion that the plaintiffs' proof failed to establish the issuance of a renewal policy of insurance to the plaintiffs on the 22d day of October, 1915, and, upon the application of the plaintiffs, permitted the amendment of the complaint so that it alleged a parol agreement to keep the plaintiffs insured in the defendant, over the objection and exception of the defendant. The defendant's objection to the amendment was that it wholly changed the cause of action and set forth a new and a different cause of action from that originally pleaded in the complaint

but the defendant did not claim any surprise or lack of preparation to meet the proof.

The amendment having been allowed, the defendant was permitted to amend its answer by alleging that the agreement was void under the Statute of Frauds, as not to have been performed by the terms thereof within a year from the time it was made.

This being the situation, upon the application of the defendant the plaintiffs were compelled to elect which of the two causes of action they would stand upon, and elected to stand upon the oral contract.

The written authority under which Rowley was acting as agent for the defendant, referring to the extent of his power to bind the defendant in his agency, contained the following: " and as such agent is hereby authorized and empowered to receive proposals for insurance against loss or damage by fire, and countersign and issue policies of insurance *and renewals* in the city of Depew and vicinity, to receive money, to join in assignments and transfers and endorsements made thereon, and to do and transact all business and duties pertaining to said appointment in the manner and form prescribed from time to time by the company."

The appellant argues that the trial court erred in permitting the amendment to the complaint. We think that under the liberal rule laid down in *Davis* v. *N. Y., L. E. & W. R. R. Co.* (110 N. Y. 646), the court was justified in allowing the amendment.

The appellant maintains that the alleged oral agreement made by the appellant's local agent Rowley was his individual agreement and did not bind the defendant and cites as authority to sustain that view *Shank* v. *Glens Falls Ins. Co.* (4 App. Div. 516) and *Brown* v. *Dutchess County Mut. Ins. Co.* (64 id. 9), both of which cases were decided in this department. We do not accept this view. While John Struzewski attributes to this agent language indicating in form the latter's personal individual promise to keep this property insured, in view of the character of this agent's business and his relation to the defendant, Struzewski was justified in assuming and believing that Rowley spoke in the name of the defendant.

Rowley told Struzewski that he would keep the house insured in the defendant and that the policies would be delivered to Struzewski every three years and thereupon delivered to Struzewski the first three-year policy issued by the defendant and dated October 22, 1903. Struzewski accepted the policy and paid the premium. As to Struzewski, Rowley spoke for the defendant and was the defendant. When the plaintiffs found they were getting from the defendant these renewal policies they had a right to assume that the defendant was carrying out the agreement made by its agent in its behalf, so that when October 22, 1915, rolled around, the plaintiffs, in the absence of a notice to the contrary, were justified in relying on the fact that they were insured for another period of three years.

The appellant insists that the alleged oral agreement was void under the Statute of Frauds upon the ground that by its terms it was not to be performed within one year from the making thereof. (See Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 31, subd. 1.) There is nothing in this contract which fixed any particular time for its performance by the defendant. A fire might have occurred at any time after the contract was made, a day, a month, a year, or more, and then the defendant would have had to fulfill its agreement by paying the loss. There is authority to uphold the legality of such a contract. (*Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.,* 19 N. Y. 305; *International Ferry Co.* v. *American Fidelity Co.,* 207 id. 350, 353.)

It is not necessary for us to proceed upon the hypothesis that no insurance company would have made such a contract or would have authorized one of its agents, much less, to make such a contract in its behalf, because the jury have found that such a contract was made in this instance and carried out by the insurance company for the period of twelve years. If such an oral contract could be made to cover a period of time greater than one year from the time the contract was made, and such seems to be the law, we know of no legal obstacle to such a contract as the jury have found to exist in this case which in effect provides for the issuance of the New York standard insurance policies in every period of three years. Such a contract comes within the holding of the Court of

Appeals in that regard in *Hicks* v. *British America Assur. Co.* (162 N. Y. 284), and we find nothing in the statutory Insurance Law of this State which prohibits the making of an oral contract of this kind. The mere fact that payment of the premiums was not exacted immediately on the issuance of the renewal policies did not render the contract void. (*Squier* v. *Hanover Fire Ins. Co.*, 162 N. Y. 552.) Such a contract must necessarily have its limitations under which either party may terminate it. If, for example, the insured should fail to pay the premium within a reasonable time after it became payable, the insurer would have a right to cancel the policy and end its obligation. The insurer would also have the right to terminate the insurance upon reasonable notice, and certainly under the New York standard policy on notice of five days. On the other hand, the insured would have the right to terminate the contract by a notice at any time, but if the notice was given after the issuance of a new policy the insurer would be entitled to its premium.

We do not think the point made by the appellant that the contract was unilateral and, therefore, void has merit.

The reference made by the trial judge in his charge as to what might have been done by the defendant's agent toward fulfilling its contract in view of the removal of the plaintiffs from Depew to Buffalo was not prejudicial to the defendant. The learned counsel for the appellant says: " The effect of the charge in this respect was to carry the idea that the plaintiff had a right to believe that a policy would be renewed to him without any request on his part, and that it was the duty and obligation of this local agent to write the policy and to search out and find the plaintiffs." The trial judge did not charge the jury either in words or in effect that it was the duty of the local agent to search out and find the plaintiffs. He did charge that the agent should have done more than simply to ascertain that the plaintiffs had moved to Buffalo and we think he was entirely justified in what he said.

It follows that the judgment and order appealed from should be affirmed.

All concurred, except FOOTE, J., who dissented.

Judgment and order affirmed, with costs.