HARROWER *v.* INSURANCE COMPANY OF NORTH AMERICA.

Opinion delivered May 31, 1920.

1. EVIDENCE—WRITTEN CONTRACT—PRIOR NEGOTIATIONS.—Prior oral agreements and antecedent writings forming a part of the negotiations for a contract become merged in the subsequent written contract and are incompetent as evidence for the purpose of enlarging the scope of such written contract.

2. INSURANCE—ORAL AND WRITTEN CONTRACT.—Where insurer and insured entered into an oral agreement for a policy covering a term of three years, and the insurer delivered a policy for one year, which was accepted by the insured and the premium paid, the policy constituted a contract between the parties, and the oral agreement was merged into it, and was incompetent as evidence to enlarge it.

3. FRAUDS, STATUTE OF—AGREEMENT NOT TO BE PERFORMED WITHIN YEAR.—An oral agreement, made at the time an insurance policy was issued for one year, that other policies should be issued from year to year for three years, was an agreement not to be performed within a year, within the statute of frauds.

4. FRAUDS, STATUTE OF—STATUTE RAISED BY DEMURRER.—The question whether a contract set out in the complaint was within the statute of frauds was properly raised by demurrer.

Appeal from Yell Circuit Court, Dardanelle District; *A. B. Priddy,* Judge; affirmed.

*John B. Crownover,* for appellant.

The complaint stated a cause of action and the demurrer admits all its averments. The contract was partly performed, and defendants were bound in law to fulfill and complete the same. The general agent at Dardanelle had the same right to make the contract that the home office had. The demurrer should have been overruled and defendants required to answer. 20 L. R. A.

289; 76 Ark. 183. Appellant constituted the general agent at Dardanelle her agent to keep the insurance in force and this is admitted by the demurrer.

*Mehaffy, Donham & Mehaffy*, for appellees.

The oral agreement, if any, was merged in the written contract, which can not be varied by oral testimony. 71 Fed. 473; 13 Ky. Law Reporter 237; 34 N. W. 183. Parol testimony was not admissible. 4 So. 490. All prior negotiations were merged in the policy as written. 59 N. E 1129; 130 Ark. 97; 104 *Id.* 475; 176 Ill. 194; 72 Iowa 414; 27 Mo. App. 401. A contract in writing, free from doubt and ambiguity, can not be altered or contradicted by parol evidence except for fraud or mistake. 87 Pac. 869; 83 *Id.* 918; 87 Fed. 63. Preliminary negotiations do not constitute the contract. 87 Fed. 63. See, also, 79 N. E. 459; 121 Mass. 338; 17 L. R. A. 586. This was a written policy and the parol contract was merged. 206 S. W. 383.

McCULLOCH, C. J. Appellant instituted this action in the circuit court of Yell County, Dardanelle District, to recover on an alleged oral agreement between her and the two insurance companies sued, whereby the latter agreed to insure her property, consisting of a stock of merchandise and store fixtures, against loss or destruction by fire. The court sustained a demurrer to the complaint and rendered judgment dismissing the complaint, from which an appeal has been prosecuted.

It is alleged in the complaint that appellant entered into a contract with the said companies, acting through their general agent at Dardanelle, on January 28, 1916, whereby it was agreed that the companies should insure her property "for the term of three years from that date, and then from year to year until such time as she might direct such contract should cease, provided defendants continued the business of writing fire insurance in said town of Dardanelle after said term of three years."

It is further alleged that, pursuant to said contract, the said companies issued and delivered to her a joint policy for the first year in part performance of the original agreement, and that she paid the premium for that policy and at that time directed the agent to write other policies "from year to year during the said three years and to come for the premium money when such policies were so written," and that the said companies through their agent agreed to do so. It is also alleged that the property was destroyed by fire on October 8, 1918.

It is familiar law that prior oral agreements and antecedent writings forming a part of the negotiations for a contract become merged in the subsequent written contract and are incompetent as evidence for the purpose of enlarging the scope of such written contract. *Graves* v. *Bodcaw Lumber Co.*, 129 Ark. 354. This applies to the alleged oral agreement set forth in the first part of the complaint, for, according to the allegations of the complaint, the agreement was for a policy covering the term of three years from that time "and then from year to year, etc.", and that the companies issued and delivered a policy for one year, which was accepted by appellant and the premium paid. The policy issued and delivered constituted a contract between the parties, and all antecedent negotiations and agreements were merged into it. *Union National Bank* v. *German Ins. Co.*, 71 Fed. 473; *Moore* v. *Insurance Co.*, 34 N. W. 183; *Commercial Accident Co.* v. *Bates*, 176 Ill. 194; *Insurance Co.* v. *Mowry*, 96 U. S. 544.

The last allegation with respect to the agreement between the parties is that at the time of the issuance of the policy the further agreement was that other policies should be "issued from year to year during the said three years," and this contract, according to the allegations, was not to be performed within a year from the making thereof and was within the statute of frauds. Kirby's Digest, sec. 3654. According to the allegations of the complaint, this contract was executory, and was not to take effect immediately, and was not

a contract of insurance, but was one to insure or to issue a policy at a future date. A contract of insurance usually takes effect immediately, whereas a contract to insure or to issue a policy takes effect at a future date. The distinction between the two classes of contracts is made clear in the cases cited on the brief of counsel for appellees.

The question as to the contract being within the statute of frauds was properly raised by demurrer. *Izard* v. *Connecticut Fire Ins. Co.,* 128 Ark. 433.

The court was, therefore, correct in sustaining the demurrer, and the judgment is affirmed.