INMAN *v.* RYNEARSON.

Opinion delivered January 12, 1925.

VENDOR AND PURCHASER—FORFEITURE FOR NONPAYMENT OF TAXES.— Where a contract for reconveyance of land to the grantor on payment of a specified sum required the grantor to pay the taxes thereon or forfeit all rights thereunder, failure to pay the tax forfeited the right to a reconveyance.

Appeal from Woodruff Chancery Court, Southern District; *A. L. Hutchins,* Chancellor; affirmed.

*Ross Mathis,* for appellant.

The obligations of the contract were mutual, and the failure of one party to comply with its terms releases the other from compliance with it.     93 Ark. 472; 65 Ark. 320; 88 Ark. 491; 88 Ark. 422.

*Roy D. Campbell,* for appellee.

HUMPHREYS, J.    This suit was instituted by appellee against appellant in the Southern District of the Chancery Court of Woodruff County to confirm his title to certain lands and lots in said county.   The petition contained an alternative prayer that, if title to the lands and lots should not be confirmed in him, the agreement entered into between him and appellant, John T. Inman, on February 8, 1921, be treated as a mortgage, and that a lien be declared in his favor upon the lands for the unpaid purchase price thereof, and that the lands be sold to satisfy the lien.

The only defense interposed to the action by appellants was that appellee had failed to comply with the agreement of February 8, 1921, in failing to procure a loan on said lands and lots for a term of two years for $6,500, and in failing to advance John T. Inman $1,000 out of the loan and to credit the balance thereof on the unpaid purchase price of the land.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a decree confirming the title of the lands and lots in appellee, from which is this appeal.

Appellee, being the owner of the lands and lots in question on the 10th day of January, 1919, sold them on that date to W. A. Nailing for $18,000, $3,600 of which amount was paid in cash, and the balance, evidenced by four promissory notes in the sum of $3,600 each, due in one, two, three and four years, which were secured by a lien upon the lands and lots. On June 16, 1919, W. A. Nailing and his wife conveyed the lands and lots to John T. Inman, who assumed the payment of the four notes. He subsequently paid one of the notes, but was unable to pay the others when they became due, so, on February 7, 1921, appellee and appellant, John T. Inman, entered into a written contract whereby it was agreed that John T. Inman should convey the lands and lots to appellee in satisfaction of the unpaid notes and interest, which amounted to $11,544, on condition that appellee should reconvey the lands to John T. Inman upon the payment of $11,544, and interest at 6 per cent., within two years. The contract contained two provisions pertinent to the issue involved in this case, which are as follows: It is agreed that J. L. Rynearson will make application and procure a loan for a term of two years upon said lands in the sum of $6,500, of which $5,500 shall be applied on the amount due J. L. Rynearson and $1,000 shall be paid to John T. Inman.

"It is further agreed and understood that the party of the second part shall pay all taxes assessed against said lands, and any failure on his part to pay said taxes as they become due shall operate as a forfeiture of any rights the party of the second part shall have under this agreement."

Pursuant to the contract, appellant and his wife, Cora Inman, executed a quitclaim deed for the lands and lots to appellee.

Appellants remained in possession of the lands, receiving the rents and profits therefrom. John T. Inman failed to pay the taxes then due upon the lands and lots, and permitted them to forfeit for the general as well as the special improvement district taxes.

Appellee redeemed the lands and lots from the tax forfeitures at a cost of $3,178.28.

Appellee made an effort to obtain the $6,500 loan upon the lands and lots, but failed to procure same because his quitclaim deed from appellants was regarded by money lenders as a mortgage and not an absolute conveyance.

Appellants made no objection to the form of the decree vesting the title to the lands and lots in appellee, instead of decreeing a foreclosure sale of the land to satisfy the indebtedness, but contended for a reversal thereof on the ground that appellee was not entitled to any decree because he himself breached the contract by failure to obtain the $6,500 loan and advanced appellant, John T. Inman, $1,000 out of same. This contention is not well grounded, for appellant, John T. Inman, forfeited all his rights under the contract by failing to pay the taxes assessed against said lands and lots, amounting to $3,178.28. If the contract should be construed as imposing an absolute duty upon appellee to borrow $6,500 on the land for a term of years and to turn over $1,000 out of the loan to appellant, J. T. Inman, and to credit the balance thereof on the indebtedness, he was released therefrom by the failure of Inman to pay all the taxes assessed against the lands and lots. There is no ambiguity in the contract. It plainly provides that "any failure on his (Inman's) part to pay said taxes as they become due shall operate as a forfeiture of any rights the party of the second part shall have under this agreement."

The decree is affirmed.