FIREMAN'S FUND INS. CO. v. WILLIAMS.

(Division A. May 7, 1934. Suggestion of Error Overruled May 21, 1934.)

[154 So. 545. No. 31192.]

Smith, Smith & Bloodworth, of Atlanta, Ga., and **A. M. Carothers**, of Grenada, for appellant.

201

Denman & Breland, of Sumner, for appellee.

204

**McGowen, J.,** delivered the opinion of the court.

From a decree of the chancery court overruling a demurrer to a bill in equity filed by Homer J. Williams against the Fireman's Fund Insurance Company, the court below allowed an appeal here to settle the principles of the case.

Briefly, the bill alleged that on February 3, 1929, appellee entered into a written contract of insurance with appellant through its general agent, T. E. Moody, in Grenada, Mississippi, whereby the insurance company insured, for a period of one year, appellee's household and kitchen furniture and personal effects located in his residence in said city; that Moody, as general agent with authority to issue and deliver contracts of insurance, and all other authority of a general agent of the insurance company, agreed with appellee orally that the insurance company would keep the policy renewed from year to year until either of the parties to the oral agreement should give notice to the other that he desired the policy to be discontinued, or not renewed. It was alleged that, in pursuance of this oral agreement, the policy was renewed for the years 1930 and 1931. The policy was not renewed, in pursuance of the oral agreement, on February 3, 1932, and within twenty-six days after the renewal date the property described in the policy was totally destroyed by fire, due to accident. Appellee had relied upon the oral agreement, and believed that the policy was in force at the time of the fire.

The bill further alleged that Williams was entitled to have the policy actually renewed by decree of the court, and that he was entitled to recover the face value of the policy. The bill charged that for a long period of years it had been the custom of agents of appellant and other insurance companies to transact insurance business by oral agreement to keep property insured, and that, due

to the custom, a contract that said policy be renewed arose by implication.

The demurrer challenged the sufficiency of the equity of the bill in several particulars, but we will only state the following: (1) The bill showed on its face that the alleged agreement for renewal of the initial policy, relied upon by appellee, was a general, indefinite, and unilateral agreement on the part of the agent to renew the policy for an indefinite period of time, without consideration, and such an agreement did not bind the appellee; (2) the bill showed on its face that it was in violation of the statute of frauds, section 3343 (d), Code 1930, which is in this language: "An action shall not be brought whereby to charge a defendant or other party: . . . (d) Upon any agreement which is not to be performed within the space of fifteen months from the making thereof;" and (3) custom and usage, as set forth in the bill of complaint, are insufficient in law or equity to form the basis of a right to the renewal of the policy sought to be renewed in this case.

Conceding, without so deciding, that the bill sufficiently alleges a contract, which would be enforceable otherwise, and that the general agent had full authority to enter into the alleged contract, we shall discuss the case from only two angles: First, does the quoted section of the statute of frauds apply? Second, if it does, can custom and usage be availed of to defeat the statute? We are of the opinion that the statute of frauds is an insuperable barrier to a recovery in this case. True it is that, in pursuance of the alleged agreement, the policy was renewed twice, but the action is based upon the oral agreement, entered into on February 3, 1929, to execute a written contract of insurance on February 3, 1932. There was a partial performance of the contract by the renewals in the intervening years. There are decisions upholding similar contracts to renew insurance policies. First Baptist Church v. Brooklyn Fire Ins. Co., 19 N. Y. 305;

Phœnix Ins. Co. v. Ireland, 9 Kan. App. 644, 58 P. 1024; Struzewski v. Farmers' Fire Ins. Co., 179 App. Div. 318, 166 N. Y. S. 362, would seem to be authority, as to this section of the statute of frauds, for the maintenance of the allegations of the bill as sufficient in equity. The main case, however, is the First Baptist Church Case, supra.

In the case of Green v. Hartford Fire Ins. Co., 157 Miss. 316, 128 So. 107, 69 A. L. R. 554, we held that an oral agreement to keep a fire insurance policy in force, and to issue a new policy three years from date of the agreement, was within the statute of frauds, and there declined to follow the conclusion reached in the First Baptist Church Case, supra. We there held that the contract to renew was the basis of the action, and not the terms of the written contract proposed and contracted orally to be renewed.

In the case at bar, the contract to renew insurance, made in February, 1929, was breached on February 3, 1932, and hence was to be performed more than fifteen months from the date of the making of the oral contract. In the case of Box v. Stanford, 13 Smedes & M. 93, 51 Am. Dec. 142, this court held that it was the settled doctrine in this state that part performance would not take a parol sale of lands out of the statute of frauds, and that no exceptions of that character would be engrafted on the statute. McGuire v. Stevens, 42 Miss. 724, 2 Am. Rep. 649; Gumbel v. Koon, 59 Miss. 264; Niles v. Davis, 60 Miss. 750, and Washington v. Soria, 73 Miss. 665, 19 So. 485, 55 Am. Rep. 555. The statute of frauds may be raised in a proper case by demurrer in the chancery court. Box v. Stanford, supra.

The view we take, that the contract of renewal is the essential basis of action whether in a court of law or in a court of equity, has been sustained by the case of Klein v. Liverpool & London & Globe Ins. Co., 57 S. W. 250, 22 Ky. Law Rep. 301, wherein that court held that a parol contract entered into in 1895, to issue a policy of fire in-

surance on June 24, 1895, and on the same day of each year thereafter until otherwise directed by the insured, was within the statute of frauds, as to the policy to be issued in 1897, not being a contract to be performed within one year (the statute in that state being one year instead of fifteen months as in our state); nor can the fact that the policy was partially performed by the issuance of a policy for each of the two preceding years take the verbal contract out of the statute. Also to the same effect are the cases of Harrower v. Ins. Co. of North America, 144 Ark. 279, 222 S. W. 39; Aetna Ins. Co. v. Richey (1918, Tex. Civ. App.), 206 S. W. 383.

However, it is said that there was an agreement in this case whereby either party, by giving ten days' notice to the opposite party, might terminate the contract. The termination of such a contract is not the performance of it, but is a mere frustration thereof. Meyer v. Roberts, 46 Ark. 80, 55 Am. Rep. 567; Bernier v. Cabot Mfg. Co., 71 Me. 506, 36 Am. Rep. 343; Blanding v. Sargent, 33 N. H. 239, 66 Am. Dec. 720; Wagniere v. Dunnell, 29 R. I. 580, 73 A. 309, 17 Ann. Cas. 205; Jilson v. Gilbert, 26 Wis. 637, 7 Am. Rep. 100. We are of the opinion that the contract described herein was within the statute of frauds, to be performed beyond fifteen months from the date of the making thereof, and cannot be enforced in the courts of law or equity in this state.

Next, it is insisted that the custom and usage alleged is sufficient in this case, independent of the oral agreement, to create an enforceable contract by implication. We are unable to perceive the validity of this contention. The patent and obvious answer to this view is that it is elementary law that usage and custom cannot create a contract or liability where none otherwise exists, and custom and usage may not be invoked in contravention of law. 17 C. J. 449, par. 7; National Savings Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621; First Nat. Bank v. Burkhardt, 100 U. S. 686, 25 L. Ed. 766. We think it is the

universal rule that custom or usage may not be invoked to change the law. Generally, custom may be read into a contract, or the incidents thereof, or in construing the contract. The law of usage and custom and the courts cannot make contracts for parties. For the reasons stated, the court below erred and should have sustained the demurrer.

Reversed and remanded.