DUMAS *v.* SMITH, CHANCELLOR.

4-6221                                    147 S. W. 2d 1013

Opinion delivered February 24, 1941.

*Stevens & Cheatham, Whitley & Utley* and *J. B. Milham,* for petitioner.

*Ezra Garner* and *LeCroy & Kassos,* for respondent.

Holt, J. September 1, 1938, W. E. Owen filed suit in the Columbia chancery court, first division, to quiet title to certain tracts of land in that county, aggregating 240 acres. Petitioners here were made defendants in that action.

Owen's claim to the lands was based upon deeds executed to him by his mother, Louisa Frances Owen, surviving widow of E. L. Owen, who died testate in 1912. The consideration for the conveyances was alleged to be money advanced by Owen to his mother to pay off certain indebtedness against the estate left by E. L. Owen and for moneys advanced to his mother from time to time.

Petitioners here (defendants in the above suit in the court below) in their answer to W. E. Owen's suit, denied his claim to the lands and asked for an accounting. Subsequently W. E. Owen joined in this prayer for an accounting.

June 28, 1939, the cause was heard by the chancellor and the question of an accounting seems to have been abandoned by the parties, at least it was not considered or passed upon by the court. The question determined by the court was a construction of the will of E. O. Owen, deceased, and the rights and power of his widow, Louisa Frances Owen, thereunder.

The trial court found that the deeds to W. E. Owen by his mother to two tracts of the land amounting to 200 acres were valid, but that her deed to him for a certain 40-acre tract was void, and entered a decree accordingly.

From that decree petitioners in the instant case appealed to this court and on May 13, 1940, an opinion was rendered which appears in 200 Ark. 601, 140 S. W. 2d 101, styled *Owens* v. *Dumas.*

On the appeal in which that opinion was rendered, the question of an accounting to determine what moneys, if any, W. E. Owen had paid out to protect the estate, to satisfy debts against it, or for advancements alleged to have been made to his mother, was not considered or passed upon by this court.

It will be observed from that opinion that the question determined was a construction of the will of E. L. Owen as it affected the rights and power of his widow, Louisa Frances Owen, thereunder, and there we said: "The language of the will as a whole, clearly indicates that the intention of the testator was to give his widow a life estate with power to sell and dispose of property when necessary for her support and maintenance, for benefit of the estate, or the education of her minor children. She, therefore, had no power to dispose of the property for any other purpose."

The cause was affirmed as to the 40-acre tract but reversed as to the two tracts aggregating 200 acres, and in the mandate issued we find this language: "It is therefore considered by the court that on the cross-appeal, so much of the decree as held these deeds valid, be and the same is hereby, for the error aforesaid, reversed, annulled and set aside with costs, and that this cause be remanded to said chancery court with direction to enter a decree canceling and setting aside the deed to the 200 acres of land, and for such further proceedings to be therein had as may be necessary, according to the principles of equity and not inconsistent with the opinion herein delivered."

A decree was entered by the chancellor in accordance with the mandate, June 21, 1940.

September 23, 1940, W. E. Owen asked for an accounting as between himself and petitioners under the last will and testament of E. L. Owen, deceased, and prayed "that this court appoint a master to state an account and classify the claims as between the parties hereto, as to all sum or sums expended by the plaintiff and defendants under the terms of the last will and testament of E. L. Owen, deceased, and for all further and equitable relief he will ever pray."

Petitioners answered this petition for an accounting denying any right thereto, and alleged that the opinion of this court rendered May 13, 1940, *supra,* settled all issues and rights of the parties and is *res judicata,* and further alleged that the court was without jurisdiction.

September 26, 1940, upon a hearing the court made an order directing that an accounting should be stated and appointed a master for this purpose.

October 4, 1940, petitioners filed their original action here seeking a writ prohibiting the court from proceeding further in the premises.

As has been indicated, the question of an accounting as affecting the rights of W. E. Owen and the petitioners in the suit of W. E. Owen below was not an issue, nor was it an issue or adjudicated on the appeal in that case. It is our view that an accounting at that time would have been improper and was not a proper issue then for determination for the reason that W. E. Owen, the plaintiff in that suit, was seeking to have title quieted to certain lands which his mother had attempted to convey to him, it being his contention that the consideration for these deeds of conveyance were moneys he had advanced to her, and certain debts against the estate which he had paid. He could not have assumed the inconsistent position of claiming to be the owner of these lands and at the same time seek to enforce a lien for moneys claimed to have been paid in acquiring them, or for moneys expended by him in the preservation and protection of the estate.

We think the principle of law announced in the case of *Hicks* v. *Norsworthy*, 176 Ark. 786, 4 S. W. 2d 897, applies here. In that case it was claimed that it was the duty of the petitioner to interpose every defense that he had. It was held there that a claim by petitioner of absolute title in himself was inconsistent with the claim that the title was in his wife and that because of that he was entitled to curtesy in the property for he could not be the absolute owner and still have the right of curtesy.

In that case this court said: "It is true that a judgment is conclusive, not only upon the question actually determined, but upon all matters which might have been decided in that suit, but this refers to all matters properly belonging to the subject of the controversy, and within the scope of the issues. . . . We know of no rule that requires the plaintiff, when he brings a suit claiming absolute title, to undertake to litigate at the same time his right by curtesy, which is inconsistent with the right he might have as absolute owner."

It is our view that the chancellor in ordering an accounting was proceeding in accordance with the law announced in the opinion of this court in *Owen* v. *Dumas, supra,* and the directions contained in the mandate which followed. The writ is, therefore, denied.