STEVENS *v.* OWEN.

4-9710 246 S. W. 2d 728

Opinion delivered March 10, 1952.

J. C. *Stevens* and *DuVal L. Purkins*, for appellant.

A. B. *Vaughan*, for appellee.

WARD, J. Appellants, who are attorneys, brought this action to recover for services rendered, as attorneys, based on a contract entered into with the widow and all the heirs (except appellee, W. E. Owen) of E. L. Owen who died testate on May 19, 1913.

Appellants' complaint, in substance, alleges that said contract was entered into on July 1, 1939; that by the terms of the contract they were to receive 9/20 of the oil, gas and other minerals in and under the SE¼ of section ·18 and W½ of SW¼ of section 17, all in township 18 south, range 20 west; that for and in consideration of said oil and gas and mineral interest they were to successfully defend a lawsuit in which appellee W. E. Owen sought to quiet title to the above described lands; and that they did successfully defend said lawsuit.

The lands described above were owned by the said E. L. Owen and were left to his widow Louisa Frances Owen by his last will and testament with certain restrictions and limitations not necessary to mention here. According to the complaint in the case at bar appellants were to recover the title and possession of the said lands. In the prayer of their complaint appellants ask for three things: First, that they be adjudged the owners of an undivided 9/20 interest in the oil, gas and minerals in and under said lands and that their title to the same be quieted and confirmed; second, in so far as it affects their rights mentioned above, that a commissioner's deed dated July 27, 1944, conveying said lands to appellee be can-

celled as a cloud on their title; and third, if the relief mentioned above be denied that they be allowed recovery on a *quantum meruit* basis for their services and that such recovery be declared a lien on the said lands. To the above complaint the appellee pleads *res judicata.*

We agree with appellee that the issue sought to be litigated herein has heretofore been determined adversely to appellants by former decisions of this court. The litigation preceding and in some way connected with this case has been long and involved and it would be burdensome to attempt to analyze it in detail, but for those who care to know the facts we refer to the former decisions of this court. For ready reference these cases are designated as follows:

Decision No. 1—*Owen* v. *Dumas,* 200 Ark. 601, 140 S. W. 2d 101, decided May 13, 1940.

Decision No. 2—*Dumas* v. *Smith, Chancellor,* 201 Ark. 1057, 147 S. W. 2d 1013, decided February 24, 1941.

Decision No. 3—*Dumas* v. *Owen,* 205 Ark. 777, 171 S. W. 2d 294, decided April 26, 1943.

Decision No. 4—*Dumas* v. *Owen,* 210 Ark. 505, 196 S. W. 2d 987, decided October 21, 1946.

Decision No. 5—*Stevens, Trustee* v. *Owen,* 213 Ark. 995, 214 S. W. 2d 503, decided October 18, 1948.

The above decisions will show that on August 5, 1940, the same parties who made the said contract with appellants executed to them a mineral deed conveying 9/20 of the oil, gas and minerals in and under the land described above; that appellants have litigated their rights under said mineral deed; and that they have been denied relief. These decisions will further show that at the time of appellants' contract of employment appellee had a prior claim to the extent of $2,635.12 on the lands here involved; that said claim was prosecuted and said lands sold at public sale to appellee; that appellee paid the purchase price of $12,500 (deducting the amount of his claim) into the registry of the court; that said fund belonged to the parties who made the contract with

appellant; and that said funds were available for the satisfaction of appellants' claim had they chosen to pursue that remedy.

In this case appellants, after an unsuccessful attempt to recover on the mineral deed mentioned above, seek to recover under the original contract. They cannot do this because all rights under said contract were merged with and extinguished by the acceptance of said mineral deed. In both instances the same parties and the same subject matter were involved. The only difference if any was that the mineral deed was a higher form of expression of appellants' claim. See *Doniphan, Kensett & Searcy Railroad Co.* v. *Mo. and North Ark. Railroad Co.,* 104 Ark. 475, 149 S. W. 60; *Graves* v. *Bodcaw Lumber Co.,* 129 Ark. 354, 196 S. W. 800; *Harrower* v. *Insurance Co. of North America,* 144 Ark. 279, 222 S. W. 39.

In addition to the above appellants are now estopped from asserting their claim at this time because they neglected to pursue their remedy in former proceedings and in particular when they failed to assert it at the time of the sale to appellee mentioned above.

To appellants' prayer for relief on a *quantum meruit* basis they are met with the same obstacles mentioned above. It is also pointed out that appellants have no claim on a *quantum meruit* basis against appellee because he was no party to their contract of employment.

Affirmed.